IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SONJA ROSS,<br><br>  Plaintiff/Intervenor,<br><br>v.<br><br>CRAIG ALEXANDER,<br><br>  Plaintiff,<br>and<br><br>DELTA AIR LINES, INC.; EDWARD BASTIAN; RAHUL SAMANT; MATTHEW MUTA, DARRELL HASKIN; DAVID SMITH; DAVID BURTON; CORPORATE DOES 1 TO 5; and JOHN DOES 1 TO 10, MABA HOLDINGS, LLC, KEENAN NIX, DARREN SUMMERVILLE, MORGAN AND MORGAN, P.A., MICHAEL RAFI AND SHEILA ALEXANDER,<br><br>  Defendants | CIVIL ACTION<br>FILE NO.: 21A03275<br><br><u>JURY TRIAL DEMANDED</u> |

## **<u>DELTA DEFENDANTS' OPPOSITION TO INTERVENOR'S MOTION TO STAY</u>**

  Defendants Delta Air Lines, Inc. ("Delta"), Edward Bastian, Rahul Samant, Matthew Muta, Darrell Haskin, David Smith, and David Burton (the "Individual Defendants" and with Delta, the "Delta Defendants") hereby oppose Intervenor Sonja Ross's ("Intervenor") Motion to Stay the Case pending the resolution of the Motion to Reopen Bankruptcy Case filed in *In re Sonja Nicole Williams,* No. 19-56304 (N.D. Ga. Bankr. Nov. 6, 2024) (Dkt. 217).

STATE COURT OF
DEKALB COUNTY, GA.
11/21/2024 11:17 AM
E-FILED
BY: Patricia Nesbitt

**INTRODUCTION**

Plaintiff Craig Alexander ("Plaintiff") filed this lawsuit against the Delta Defendants more than three years ago. Since July 2023, the case has been waylaid by improper conduct by Plaintiff and Plaintiff's former counsel. That improper conduct, in turn, triggered an effort by Intervenor to intervene in this case to assert claims against Plaintiff, Plaintiff's former lawyers, the Delta Defendants, Plaintiff's wife, and Intervenor's own former lawyer, coupled with a representation that her intervention "would not delay or prejudice the adjudication of the rights of the parties in this action." But Intervenor—represented by her third round of counsel—now seeks the exact kind of delay she represented her intervention would not cause. She asks to stay the case pending the resolution of a motion to reopen her bankruptcy case in the United States Bankruptcy Court for the Northern District of Georgia, a reopening request that presumably was triggered by her own failure to properly list assets in her bankruptcy. The Court should not condone Intervenor's dilatory conduct and should deny the Motion to Stay.

The motion to reopen Intervenor's bankruptcy case has no bearing on Intervenor's claims against the Delta Defendants. Nor will a grant of that motion cure the fatal legal defects in her claims against the Delta Defendants. In fact, the Court has already dismissed her Original Complaint against the Delta Defendants **with prejudice**. *See generally* Nov. 19, 2024 Order on Delta Defs' Mot. to Dismiss Intervenor's Compl. (the "MTD Order"). Whether Intervenor pursues what is left of her claims in this litigation, or the bankruptcy trustee stands in her shoes to pursue them, does not impact their validity. As such, a stay pending the resolution of the motion to reopen is not warranted, and Intervenor's Motion should be denied.

**BACKGROUND**

On April 12, 2024, almost three years after Plaintiff filed this action, and six years after Delta announced Flight Family Communication ("FFC"), Intervenor filed her Motion to Intervene.

2

In her Motion to Intervene, she represented that her intervention would "not delay or prejudice the adjudication of the rights of the parties in this action." Mot. to Intervene at 11. The Delta Defendants did not oppose her intervention, but expressly noted that Intervenor "should not be permitted to cause any further delay in the schedule in this case." Delta Defs' May 14, 2024 Res. to Mot. to Intervene at 3. The Court granted Intervenor's Motion to Intervene on June 24, 2024.

She then filed her Original Complaint on June 25, 2024. Despite the fact that the Delta Defendants never met or corresponded with Intervenor, or even knew who she was, prior to this litigation, Intervenor asserted claims against the Delta Defendants for (1) misappropriation of trade secrets under the Georgia Trade Secrets Act ("GTSA") (Count II); (2) theft and conversion (Count V); (3) civil conspiracy to commit theft and conversion (Count VI); (4) breach of the non-disclosure agreement (Count VII); (5) exemplary damages under the GTSA (Count X); (6) punitive damages under O.C.G.A. § 51-12-5.1 (Count XI); and attorneys' fees under the GTSA (Count XII).

On July 25, 2024, the Delta Defendants filed their Motion to Dismiss Intervenor's Original Complaint. The Court heard argument on that motion on October 3, 2024, and informed the Parties that it would dismiss Intervenor's Original Complaint. The Court asked the Delta Defendants to submit a proposed order dismissing Intervenor's claims as to the Delta Defendants, which they did on October 14, 2024. On November 12, 2024—after the Court orally announced its intention to dismiss the Original Complaint as to the Delta Defendants—Intervenor filed an Amended Complaint. The Amended Complaint does not allege any new facts, but instead simply asserts two new legal claims against the Delta Defendants: (1) Equity—Quantum Meruit—Quantum Valebat (Count XII) and (2) Breach of Contract Damages as Third-Party or Intended Beneficiary (Count XII). On November 19, 2024, the Court entered the MTD Order dismissing **with prejudice** Intervenor's Original Complaint as to the Delta Defendants. As explained in the Delta Defendants'

separately-filed Motion for Clarification of November 19, 2024 Order, the reasoning in the MTD Order applies to Intervenor's new claims such that they should also be dismissed.

On November 1, 2024—just days before the November 7 hearing on the other defendants' motions to dismiss—Intervenor apparently terminated her second set of lawyers. On November 6, 2024, Intervenor's bankruptcy trustee, Mary Ida Townson ("Trustee"), filed a Motion to Reopen Bankruptcy Case based on Intervenor's claims against the defendants in this case. On November 8, 2024, Intervenor's newest counsel filed a notice of appearance. And on November 14, 2024, Intervenor filed the instant Motion, seeking to stay the case pending the resolution of the motion to reopen Intervenor's bankruptcy case.

## ARGUMENT AND CITATION TO AUTHORITY

**I.     The Bankruptcy Court's Determination Will Not Cure the Legal Defects in Intervenor's Claims.**

As the Court has already determined, Intervenor's claims in her Original Complaint against the Delta Defendants fail as a matter of law. These legal defects cannot be cured by the bankruptcy court's ruling on the motion to reopen or by the Trustee's involvement in the case. As the representative of the estate, the Trustee "succeeds into the rights of the debtor-in-bankruptcy" and "stands in the shoes of the debtor[.]" *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1150 (11th Cir. 2006); *Nisselson v. Lernout*, 469 F.3d 143, 153 (1st Cir. 2006) ("[A] trustee in bankruptcy cannot and does not acquire rights or interests superior to, or greater than, those possessed by the debtor."); *In re Mediators, Inc.*, 105 F.3d 822, 825 (2d Cir. 1997) (explaining trustee stands in the shoes of the debtor). But the Trustee does not acquire rights and interests greater than what the debtor possessed at the commencement of the bankruptcy. *Edwards*, 437 F.3d at 1150; *see also Nisselson*, 469 F.3d at 153; *In re Mediators*, 105 F.3d at 825. To the contrary, the involvement of the Trustee as the party pursuing Intervenor's claims (if that is

4

the result of Trustee's motion to reopen Intervenor's bankruptcy) will not provide the Trustee with any substantive rights or claims that Intervenor herself does not have. For the reasons stated in the MTD Order, Intervenor's claims against the Delta Defendants—including her claims in the Amended Complaint—fail as a matter of law. The bankruptcy court's ruling on the motion to reopen and the Trustee's potential involvement in the case cannot alter the substantive lack of merit of those claims.

Intervenor contends that a stay is necessary to ensure the case "proceed[s] with clarity regarding the real party in interest and avoids the possibility of duplicative or conflicting proceedings." Mot. at 3. Intervenor does not explain how the proceedings may "conflict," and Intervenor's unsupported argument does not justify a stay. Intervenor's musings that the bankruptcy court's ruling "may also have direct impact on any statute of limitations or standings defenses" are similarly unsupported. *Id.* These arguments are insufficient grounds to warrant a stay of this lawsuit. Indeed, the case on which Intervenor relies, *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir. 1990), does not support her position. That case addresses a jurisdictional question unrelated to standing or the statute of limitations. *See id.* at 789.

Intervenor's Motion serves no other purpose but to delay and prejudice the Delta Defendants who are prepared to move forward with discovery in this case that has been pending for over three years. As the Court has already determined, Intervenor's claims against the Delta Defendants suffer legal defects requiring dismissal **with prejudice**. And assuming the bankruptcy court grants the motion to reopen, it presumably would be in the interest of the Trustee and creditors that this litigation proceeds expeditiously. A stay only further delays the resolution of this case and is not in the interest of judicial economy where, as here, a grant of the motion to reopen has no impact on Intervenor's claims against the Delta Defendants.

**II.     The Court Should Not Permit Intervenor to Further Delay the Case.**

Intervenor represented in her Motion to Intervene that her intervention would "not delay or prejudice the adjudication of the rights of the parties in this action." Mot. to Intervene at 11. Yet Intervenor has repeatedly delayed this case by terminating her lawyers, continuing the hearing on the other defendants' motions to dismiss, filing an Amended Complaint, and seeking a stay of proceedings based on a motion to reopen that has no bearing on her claims. Intervenor's Motion to Stay risks delaying this case by many more months, as the Parties wait on the bankruptcy court to rule on the motion to reopen, the Trustee moves to intervene in the case, and the Court finally has the opportunity to rule on the other defendants' motions to dismiss. The Court should not countenance this delay tactic and should deny the Motion.

## CONCLUSION

For the reasons stated herein, the Court should deny Intervenor's Motion to Stay.

Respectfully submitted this 21st day of November 2024.

*/s/ David L. Balser*
David L. Balser
Georgia Bar No. 035835
Lawrence A. Slovensky
Georgia Bar No. 653005
James M. Brigman
Georgia Bar No. 254905
Charles G. Spalding, Jr.
Georgia Bar No. 411926
**KING & SPALDING, LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: 404-572-4600
Fax: 404-572-5100
dbalser@kslaw.com
lslovensky@kslaw.com
mbrigman@kslaw.com
cspading@kslaw.com

6

STATE COURT OF
DEKALB COUNTY, GA.
11/21/2024 11:17 AM
E-FILED
BY: Patricia Nesbitt

                                        Julia B. Bates
                                        Georgia Bar No. 354322
                                        **KING & SPALDING LLP**
                                        500 W. Second Street, Suite 1800
                                        Austin, Texas 78701
                                        Telephone: 512-457-2053
                                        Fax: 512-457-2100
                                        jbates@kslaw.com

                                        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's e-filing service, which will automatically email a copy of the foregoing to all counsel of record.

/s/ *David L. Balser*
David L. Balser
Georgia Bar No. 035835

STATE COURT OF
DEKALB COUNTY, GA.
11/21/2024 11:17 AM
E-FILED
BY: Patricia Nesbitt